UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| RANDALL THIBODEAUX | CIVIL ACTION |
| versus | NO.: 2022-15 |
| EQUINOR USA E&P, INC. ACADIA WHOLESALE & TOBACCO, INC. and JOHN DOE INSURER | DISTRICT JUDGE _____ |
| | MAGISTRATE JUDGE _____ |

## NOTICE OF REMOVAL

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Equinor USA E&P, Inc. ("Equinor") who removes the action entitled *"Randall Thibodeaux v. Equinor USA E&P, Inc., Acadia Wholesale & Tobacco Co., Inc., and John Doe Insurer,"* Docket No. C-713870, from the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to the United States District Court for the Middle District of Louisiana, pursuant to 43 U.S.C. § 1349, 43 U.S.C. § 1333, and 28 U.S.C. §§ 1331 and 1441, *et seq.*, as well as the additional grounds discussed in this Notice of Removal. In support hereof, Equinor avers as follows:

### PLAINTIFF'S CLAIMS

1.

The above-entitled action was commenced by Plaintiff in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana. Attached as Exhibit "A" is a complete copy of all pleadings currently filed in the 19th Judicial District Court for the Parish of East Baton Rouge.

2.

In Plaintiff's Petition, Plaintiff alleges as follows:

- "This lawsuit is necessary as a result of an accident that occurred on or about July 17, 2021. On or about that time, Plaintiff Randall Thibodeaux was employed by Danos and working on Defendants Equinor USA E&P, Inc.'s ("Equinor") offshore drilling platform, the Equinor Titan." Petition, at Paragraph III-A.

- Plaintiff alleges that he sustained injuries while working on the Equinor Titan offshore drilling platform. Petition, at Paragraph III-A.

## GROUNDS FOR REMOVAL

**I.    Jurisdiction Under 43 U.S.C. § 1349 (OCSLA)**

3.

At all relevant times, the Equinor Titan was a drilling platform located in Mississippi Canyon 941 ("MC 941"). MC 941 is located on the federal Outer Continental Shelf more than three miles south of the State of Louisiana. The services performed by and on the Equinor Titan involve the exploration, development, and/or production of the minerals of the subsoil and seabed of the federal Outer Continental Shelf. "But for" those operations on the federal Outer Continental Shelf, Plaintiff's alleged claims (which are denied) would not have arisen.

4.

For the reasons set forth above, this Court has jurisdiction over this action because District Courts of the United States have original jurisdiction over cases and controversies arising out of or in connection with any operation conducted on the Outer Continental Shelf.

5.

This Court therefore has original subject matter jurisdiction under 43 U.S.C. § 1349(b).

**II.   Alternatively, Jurisdiction Under 43 U.S.C. § 1331 and 28 U.S.C. § 1331 (Federal Question)**

6.

Alternatively, this Court also has original subject matter jurisdiction under 28 U.S.C. § 1331, in that the claims asserted may arise under federal statutes, namely, the Outer Continental Shelf Lands Act, 43 U.S.C. § 1331 *et seq*.

## REMOVAL PROCEDURE

7.

This matter is removable under 28 U.S.C. § 1441, in that it is a civil action over which the United States District Court for the Middle District of Louisiana has original subject matter jurisdiction under 43 U.S.C. § 1349 and/or 43 U.S.C. § 1333 and 28 U.S.C. § 1331.

**I.   Venue and Timeliness.**

8.

Venue is proper in this court pursuant to 28 U.S.C. § 1446(a) because East Baton Rouge Parish, from which the state court action has been removed, belongs to and/or forms part of this District.

9.

Defendant, Equinor, was served on December 14, 2021, with a copy of the Petition for Damages and a Citation issued by the 19th Judicial District Court for the Parish of East Baton Rouge. See Exhibit "A," at page 10.

10.

Equinor has filed this Notice of Removal within thirty (30) days of it being served on December 14, 2021. Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(1).

**II.    Consent to Removal.**

11.

Under 28 U.S.C. § 1446(b)(2)(A), in certain removals "all defendants who have been properly joined and served must join in or consent to the removal of the action."

12.

Named Defendant to this matter, Acadia Wholesale & Tobacco Co., Inc. d/b/a Church Point Wholesale consents to and joins in this removal as evidenced by its signed Written Consent to Removal, which is attached hereto as Exhibit "B."

13.

As such, all defendants who have allegedly been properly joined and served join in or consent to the removal of this action.

**III.    Other Matters.**

14.

In accordance with the provisions of 28 U.S.C. § 1446(a), Equinor attaches as Exhibit "A" to this Notice of Removal, a true and correct copy of all process, pleadings, and orders filed in the action entitled *"Randall Thibodeaux v. Equinor USA E&P, Inc., Acadia Wholesale & Tobacco Co., Inc., and John Doe Insurer,"* Docket No. C-713870, 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

15.

Written notice of the filing of this Notice of Removal will be given to Plaintiff, as required by the provisions of 28 U.S.C. § 1446(d).

16.

A true and correct copy of this Notice of Removal will be filed with the Clerk of Court for the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, as required by the provisions of 28 U.S.C. § 1446(d).

**WHEREFORE**, Defendant, Equinor USA E&P, Inc. hereby removes this action to the United States District Court for the Middle District of Louisiana.

Respectfully submitted:

**KEAN MILLER LLP**

/s/ Sean T. McLaughlin
**SEAN T. McLAUGHLIN (#31870)**
**R. CHAUVIN KEAN (#36526)**
First Bank and Trust Tower
909 Poydras Street, Suite 3600
New Orleans, Louisiana 70112
Telephone: (504) 585-3050
ATTORNEYS FOR EQUINOR USA E&P, INC.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this the 11th day of January, 2022, this corrected pleading of the Notice of Removal previously filed on the 7th day of January, 2022 was electronically filed with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to those who are non-CM/ECF participants.

/s/ Sean T. McLaughlin
**SEAN T. McLAUGHLIN**