UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**RANDALL THIBODEAUX**

**VERSUS**

**EQUINOR USA E & P, INC., ET AL.**

**CIVIL ACTION**

**NO. 22-15-JWD-EWD**

## ORDER

Oral argument is set for July 18, 2023 at 10 a.m. **in person**, in Courtroom 1, on the following pending motions:

1. Motion for Summary Judgment (Doc. 26) filed by Acadia Wholesale & Tobacco Co., Inc.
2. Motion for Summary Judgment (Doc. 37) filed by Equinor USA E&P, Inc.
3. Motion in Limine to Exclude Robert Andres under Rule 702, Daubert, and Rule 403 (Doc. 42) filed by Equinor USA E&P, Inc.
4. Motion in Limine to Limit Testimony of Gerald Nielsen under Rule 702, Daubert, and Rule 403 (Doc. 43) filed by Equinor USA E&P, Inc.
5. Omnibus MOTION in Limine (Doc. 64) filed by Equinor USA E&P, Inc.
6. Motion to Adopt [64] MOTION in Limine (Doc. 65) filed by Acadia Wholesale & Tobacco Co., Inc.
7. Motion in Limine (Doc. 66) filed by Acadia Wholesale & Tobacco Co., Inc.
8. Motion in Limine (Doc. 67) filed by Randall Thibodeaux

Defendants have made a *Daubert* challenge to the opinions and testimony of plaintiff's experts Robert Andres and Gerald Nielsen (Docs. 42 and 43). In preparing for oral argument, please be aware that the Court will utilize the following principles in analyzing and deciding the motions.

**Daubert *Generally***

Pursuant to Federal Rule of Evidence 702, "a witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise" if the rule's preconditions are met.

When *Daubert* is invoked, a district court may, but is not required to, hold a hearing at which the proffered opinion may be challenged. *Carlson v. Bioremedi Therapeutic System, Inc.*, 822 F.3d 194, 201 (5th Cir. 2016). However, when no hearing is held, "a district court must still perform its gatekeeping function by performing some type of *Daubert* inquiry." *Id*. "At a minimum, a district court must create a record of its *Daubert* inquiry and 'articulate its basis for admitting expert testimony.' " *Id.* (quoting *Rodriguez v. Riddell Sports, Inc.,* 242 F.3d 567, 581 (5th Cir. 2001)).

The role of the trial court is to serve as the gatekeeper for expert testimony by making the determination of whether the expert opinion is sufficiently reliable. As the Fifth Circuit has held:

> [W]hen expert testimony is offered, the trial judge must perform a screening function to ensure that the expert's opinion is reliable and relevant to the facts at issue in the case. *Daubert* went on to make "general observations" intended to guide a district court's evaluation of scientific evidence. The nonexclusive list includes "whether [a theory or technique] can be (and has been) tested," whether it "has been subjected to peer review and publication," the "known or potential rate of error," and the "existence and maintenance of standards controlling the technique's operation," as well as "general acceptance." The [Supreme] Court summarized:
>
> The inquiry envisioned by Rule 702 is, we emphasize, a flexible one. Its overarching subject is the scientific validity and thus the evidentiary relevance and reliability-of the principles that underlie a proposed submission. The focus, of course, must be solely on principles and methodology, not on the conclusions that they generate.

*Watkins v. Telsmith, Inc.*, 121 F.3d 984, 988-89 (5th Cir. 1997) (internal citations omitted).

Cases following *Daubert* have expanded upon these factors and explained that *Daubert*'s listing is neither all-encompassing nor is every factor required in every case. *See, e.g.*, *General ElectricCo. v. Joiner*, 522 U.S. 136, 142 (1997); *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004). Indeed, courts may look to other factors. *Joiner*, 522 U.S. at 146.

As this Court has explained:

> The admissibility of expert testimony is governed by Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, which provide that the court serves as a gatekeeper, ensuring all scientific testimony is relevant and reliable. This gatekeeping role extends to all expert testimony, whether scientific or not. Under Rule 702, the court must consider three primary requirements in determining the admissibility of expert testimony: 1) qualifications of the expert witness; 2) relevance of the testimony; and 3) reliability of the principles and methodology upon which the testimony is based.

*Fayard v. Tire Kingdom, Inc.*, 2010 WL 3999011 at *1 (M.D. La. Oct. 12, 2010) (citing *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999)).

This Court has broad discretion in deciding whether to admit expert opinion testimony. *See, e.g.*, *Joiner*, 522 U.S. at 138-39 (appellate courts review a trial court's decision to admit or exclude expert testimony under *Daubert* under the abuse of discretion standard); *Watkins*, 121 F.3d at 988 ("District courts enjoy wide latitude in determining the admissibility of expert testimony."); *Hidden Oaks Ltd. v. City of Austin*, 138 F.3d 1036, 1050 (5th Cir. 1998) ("Trial courts have 'wide discretion' in deciding whether or not a particular witness qualifies as an expert under the Federal Rules of Evidence.").

"Notwithstanding *Daubert*, the Court remains cognizant that 'the rejection of expert testimony is the exception and not the rule.'" *Johnson v. Samsung Electronics America., Inc.*, 277 F.R.D. 161, 165 (E.D. La. 2011) (citing Fed. R. Evid. 702 Advisory Committee Note (2000 amend.)). Further, as explained in *Scordill v. Louisville Ladder Grp., L.L.C.*:

> The Court notes that its role as a gatekeeper does not replace the traditional adversary system and the place of the jury within the system. As the *Daubert* Court noted, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." The Fifth Circuit has added that, in determining the admissibility of expert testimony, a district court must defer to "'the jury's role as the proper arbiter of disputes between conflicting opinions. As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration.'"

2003 WL 22427981 at *3 (E.D. La. Oct. 24, 2003) (internal citations omitted) (relying on, among others, *Rock v. Arkansas*, 483 U.S. 44, 61 (1987), and *United States v. 14.38 Acres of Land, More or Less Sit. In Leflore County, Miss.*, 80 F.3d 1074, 1077 (5th Cir. 1996)).

The Supreme Court has recognized that not all expert opinion testimony can be measured by the same exact standard. Rather, the *Daubert* analysis is a "flexible" one, and "the factors identified in *Daubert* may or may not be pertinent in assessing reliability, depending on the nature of the issue, the expert's particular expertise, and the subject of his testimony." *Kumho*, 526 U.S. at 150, *cited with approval in Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 244 (5th Cir. 2002).

In that vein, the Fifth Circuit has concluded that "soft sciences" involve "necessarily diminished methodological precision" when compared to other scientific disciplines like mathematics and engineering. *United States v. Simmons*, 470 F.3d 1115, 1123 (5th Cir. 2006) (quoting *Jenson v. Eveleth Taconite Co.*, 130 F.3d 1287, 1297 (8th Cir. 1997)).

> In such instances, other indicia of reliability are considered under *Daubert*, including professional experience, education, training, and observations. Because there are areas of expertise, such as the "social sciences in which the research theories and opinions cannot have the exactness of hard science methodologies," trial judges are given broad discretion to determine "whether *Daubert*'s specific factors are, or are not, reasonable measures of reliability in a particular case."

*Id.* (internal citations omitted) (relying on *Pipitone*, 288 F.3d at 247).

*Qualifications*

Additionally, Federal Rule of Evidence 702 requires that an expert be properly qualified. Generally, if there is some reasonable indication of qualifications, the court may admit the expert's testimony and then leave to the jury the extent of those qualifications. *Rushing v. Kansas City S. Ry. Co.*, 185 F.3d 496, 506 (5th Cir. 1999), *superseded by statute on other grounds*. The Supreme Court in *Kumho Tire*, 526 U.S. at 148-149, 156, and *Daubert*, 509 U.S. at 592, endorsed expert testimony based on personal observation and experience. *See also, LeBlanc v. Chevron USA, Inc.*, 396 F. App'x. 94, 100 (5th Cir. 2010) (per curiam) (unpublished). Additionally, the 2000 Advisory Committee Notes to Rule 702 state, "the text of Rule 702 expressly contemplates that an expert may be qualified on the basis of experience" which may be the "predominant, if not sole, basis for a great deal of reliable expert testimony."

If the expert's testimony does not rest on traditional scientific methods, the court may permit testimony "where a proposed expert witness bases her testimony on practical experience rather than scientific analysis." *Davis v. Carroll*, 937 F. Supp. 2d 390, 412 (S.D.N.Y. 2013). "In such cases . . . courts recognize that experts of all kinds tie observations to conclusions through the use of what Judge Learned Hand called 'general truths derived from . . . specialized experience.'" *Id*. at 412 (quoting *Kumho Tire*, 526 U.S. at 149–50); *see also Maiz v. Virani*, 253 F.3d 641, 669 (11th Cir. 2001). ("[T]here is no question that an expert may still properly base his testimony on 'professional study or *personal experience*.'" (emphasis added)).

Courts have rejected the notion that the Federal Rules of Evidence require an expert to have previously opined on a specific issue to be "qualified" as an expert on that issue. *See, e.g., BP Exploration & Production, Inc. v. Callidus Techs, L.L.C.*, 2003 WL 26118097 at *1–2 (E.D. La. Apr. 8, 2003). Furthermore, "Rule 702 does not mandate that an expert be highly qualified in order

to testify about a given issue. Differences in expertise bear chiefly on the weight to be assigned to the testimony by the trier of fact, not its admissibility." *Carlson*, 822 F.3d at 199 (quoting *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009).

Nevertheless, the Fifth Circuit has stated that it "require[s] that a '[]witness's qualifying training or experience, and resultant specialized knowledge, are *sufficiently related* to the issues and evidence before the trier of fact such that the witness' proposed testimony will help the trier of fact.'" *Macy v. Whirlpool Corp.*, 613 F. App'x 340 (5th Cir. 2015) (emphasis by *Macy*) (quoting *United States v. Wen Chyu Liu*, 716 F.3d 159, 167 (5th Cir. 2013)).

### *Sufficiency of Facts and Data Relied Upon*

> "Rule 702(b) requires that expert testimony be 'based upon sufficient facts or data.' The Advisory Committee's Note to this provision states that this calls for a 'quantitative rather than qualitative analysis.' The question is whether the expert considered enough information to make the proffered opinion reliable." 29 Victor J. Gold, *Federal Practice & Procedure* § 6268 (2d ed. 2020).
>
> The word "sufficient" signifies that the expert may properly base her opinion on something less than all the pertinent facts or data. Thus, sufficiency is not a matter of whether the judge believes in the facts or data on which the expert relies. Rather, sufficiency is a function of the nature and scope of the opinion offered, the quantity of data both available and pertinent to the issue at hand, and what is deemed sufficient by experts in the pertinent field when working outside the courtroom.
>
> *Id.*

Smiley v. New Hampshire Ins. Co., No. 17-CV-1094-JWD-EWD, 2021 WL 292449, at *10–11 (M.D. La. Jan. 28, 2021)

> As the Court in *General Electric Capital Business Funding Corp. v. S.A.S.E. Military Ltd.*, stated, "Experts should be excluded only if their testimony is so fundamentally unsupported that it cannot possibly help the factfinder." No. SA-03-CA-189-RF, 2004 WL 5495590, at *5 (W.D. Tex. Oct. 21, 2004) (citing *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 422 (5th Cir. 1987)); *see also Trinity Med. Servs., L.L.C. v. Merge Healthcare Sols., Inc.*, No. 17-592, 2020 WL 1309892, at *7 (M.D. La. Mar. 19, 2020) (deGravelles, J.).

Smiley v. New Hampshire Ins. Co., 2021 WL 292449, at *8.

Further, "in determining the admissibility of expert testimony, the district court should approach its task 'with proper deference to the jury's role as the arbiter of disputes between conflicting opinions.' " *United States v. 14.38 Acres of Land, More or Less Situated in Leflore Cty., State of Miss.*, 80 F.3d 1074, 1077 (5th Cir. 1996) (quoting *Viterbo v. Dow Chemical Co.*, 826 F.2d 420, 422 (5th Cir. 1987)). " 'As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration.' " *Id.* (quoting *Viterbo*, 826 F.2d at 422). Nevertheless, in any case, "[m]atters left for the jury's consideration include the alleged miscalculations, erroneous assumptions, and inconsistencies that plaintiffs object to." *Imperial Trading Co. v. Travelers Property Cas. Co. of America*, 2009 WL 2356292 at *3 (E.D. La. July 28, 2009) (citing *Southwire Co. v. J.P. Morgan Chase & Co*., 258 F. Supp. 2d 908, 935 (W.D. Wis. 2007) ("the alleged errors and inconsistencies are grounds for impeaching the credibility of the experts and the reliability of their ultimate findings; however, mistakes and miscalculations are not grounds for excluding evidence.") (citing Daubert, 509 U.S. at 596))).

### *Legal Conclusions*

Federal Rule of Evidence 704 provides that "[a]n opinion is not objectionable just because it embraces an ultimate issue." However, the Fifth Circuit has "repeatedly held that this rule does not allow an expert to render conclusions of law." *Snape-Drape, Inc. v. C.I.R.*, 98 F.3d 194, 198 (5th Cir. 1996); *see also Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983).

"The task of separating impermissible questions which call for overbroad or legal responses from permissible questions is not a facile one." *Owen*, 698 F.2d at 240. In *Owen*, the Fifth Circuit explained:

> The example given in the Advisory Committee Notes to Rule 704 is helpful. The question "Did T have capacity to make a will?" should be excluded. The question

"Did T have sufficient mental capacity to know the nature and extent of his property and the natural objects of his bounty and to formulate a rational scheme of distribution?" is permissible. The first question is phrased in such broad terms that it could as readily elicit a legal as well is a fact based response. A direct response, whether it be negative or affirmative, would supply the jury with no information other than the expert's view of how its verdict should read. Moreover, allowing an expert to give his opinion on legal conclusions to be drawn from the evidence both invades the court's province and is irrelevant."

*Id.*

Signed in Baton Rouge, Louisiana, on <u>July 6, 2023</u>.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**